# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARL DEAN EDWARDS,

    Petitioner,

vs.

WARDEN FILSON, et al.,

    Respondents.

Case No. 3:17-cv-00148-LRH-WGC

**ORDER**

    Earlier, the court had noted two defects in the initial petition (ECF No. 7). First, petitioner had named the wrong respondent. He has corrected that problem. Second, petitioner was challenging his custody pursuant to two judgments of conviction of two different state district courts. The court told petitioner that he could challenge only one judgment of conviction in this case. Petitioner would need to start another, separate case with another, separate petition that challenged the other judgment of conviction. ECF No. 6. Instead of following those instructions, petitioner filed <u>two</u> amended petitions in this case. ECF No. 8 and 8-1. Each amended petition challenges one judgment of conviction. The court will treat the amended petition challenging the judgment of conviction of the Eighth Judicial District Court, currently at ECF No. 8, as the operative petition. The court will not consider the amended petition challenging the judgment of conviction of the Fifth Judicial District Court, currently at ECF No. 8-1.

    Again, if petitioner wants to challenge the judgment of conviction of the Fifth Judicial District Court, he must start a new case, with a new petition and a new application to proceed <u>in forma pauperis</u> or a new payment of the $5 filing fee.

The court has reviewed the amended petition. Petitioner will need to show cause why the court should not dismiss the case as untimely.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

After a jury trial, petitioner was convicted of two counts of aggravated stalking. The state district court entered its judgment of conviction on April 4, 2014. State v. Edwards, No. C-12-282585-1.[1] Petitioner appealed, and the Nevada Court of Appeals affirmed on February 4, 2015. Edwards v. State, No. 65529.[2] Petitioner did not petition for a writ of certiorari, and the judgment of conviction became final at the end of May 5, 2015.

On November 13, 2015, one hundred ninety-two (192) days later, petitioner filed in the state district court a motion for vacating, correcting, or modifying his sentence. The state district court denied the motion on December 8, 2015. Petitioner did not appeal, and the time to appeal expired on January 7, 2016. State v. Edwards, No. C-12-282585-1.[3] For the purposes of this order, the court assumes that the one-year period was tolled under 28 U.S.C. § 2254(d)(2) while this motion was pending.

On February 11, 2016, thirty-five (35) days later, petitioner filed in the Nevada Supreme Court a petition for extraordinary relief; he was trying to file a late appeal to the denial of the sentence motion described in the preceding paragraph. Edwards v. State, No. 69746. The Nevada Supreme Court denied the motion on March 17, 2016. A notice in lieu of remittitur issued on April

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated November 2, 2017).

[2] https://nvcourts.gov/COAPortal/caseView.aspx?csiid=33722 (report generated November 2, 2017).

[3] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated November 2, 2017).

13, 2016.[4]  For the purposes of this order, the court assumes that the one-year period was tolled under 28 U.S.C. § 2254(d)(2) while this motion was pending.

On March 8, 2017, three hundred twenty-nine (329) days later, petitioner mailed his initial federal habeas corpus petition to this court.

On its face, the petition is untimely.  One hundred ninety-two (192) days passed between the finality of the judgment of conviction and the filing of the motion for vacating, correcting, or modifying petitioner's sentence.  Thirty-five (35) days passed between the conclusion of that motion and the filing of the petition for extraordinary relief.  Three hundred twenty-nine (329) days passed between the conclusion of that petition and the mailing of the initial federal habeas corpus petition.  A total of five hundred fifty-six (556) non-tolled days have passed, and that exceeds the one-year limit of 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that no action will be taken upon the amended petition currently docketed at ECF No. 8-1 because it challenges a judgment of conviction that differs from the judgment of conviction at issue.

DATED this 3rd day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37960 (report generated November 2, 2017).