1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9     CARL DEAN EDWARDS,                       Case No. 3:17-cv-00148-LRH-WGC

10                    Petitioner,              **ORDER**

11           v.

12    WARDEN FILSON, et al.,

13                    Respondents.

14

15          Earlier, the court told petitioner that it would consider only one of the two petitions for

16    writs of habeas corpus that he filed, because petitioner was trying to challenge two judgments of

17    convictions from two different state courts. ECF No. 11, at 1. The court also directed petitioner

18    to show cause why the court should not dismiss the action as untimely. Id. at 2-4. Petitioner has

19    responded with objections (ECF No. 12). Petitioner does not persuade the court, and the court

20    dismisses the action.

21          The court takes petitioner's arguments out of the order in which he presented them. First,

22    petitioner objects to the court's severing his challenges to the two judgments of convictions of

23    two different state courts. As the court explained in its order of August 25, 2017, Rule 2(e) of the

24    Rules Governing Section 2254 Cases in the United States District Courts requires this. ECF No.

25    6, at 1.

26          Second, petitioner argues that he never received transcripts of his trial because of

27    ineffective assistance of counsel. This appears to be an argument for equitable tolling. "[A]

28    'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his

                                                     1

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The lack of transcripts was not an extraordinary circumstance that prevented timely filing. Petitioner was litigating his issues in state court, and nothing appears to have stopped him from filing a petition based upon his recollection in federal court before the date of actual filing. Instead, he waited almost a year after the end of the last state-court petition before filing his federal petition.[1] Petitioner has not shown the diligence necessary for equitable tolling.

Third, petitioner argues that he is actually innocent. More accurately, he has titled a section of his objections as a claim of actual innocence. The section itself contains only arguments of procedural irregularities in the various post-conviction motions that petitioner filed in state court. His arguments are not new evidence that, along with the other evidence, would lead no juror to find him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

Fourth, petitioner argues that the prosecution sought an enhancement for a first-time offense of stalking, Nev. Rev. Stat. § 200.575. Fifth, petitioner argues that the trial court erred by not ordering petitioner's trial counsel to provide mitigating evidence at sentencing. Sixth, petitioner argues that the prosecution committed misconduct in charging him. Seventh, petitioner argues that he is not receiving credits toward an earlier parole date. These are questions of the merits, and they have no bearing on the timeliness of the action.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

Petitioner has filed a request for docket sheet and for subpoenas (ECF No. 13), another, separate request for federal subpoenas (ECF No. 14), and a request for appointment of counsel (ECF No. 15). The court will send petitioner a copy of the docket sheet. The court denies petitioner's other requests because the court is dismissing this action.

---

[1] That time, the time between the finality of his judgment of conviction and the filing of a motion to modify his sentence, and the time between two state-court motions, make the current action untimely. ECF No. 11, at 3-4.

IT THEREFORE IS ORDERED that petitioner's objections (ECF No. 12) are **DENIED**.

IT FURTHER IS ORDERED that petitioner's request for docket sheet and for subpoenas (ECF No. 13) is **GRANTED** in part. The clerk of the court shall send petitioner a copy of the docket sheet. In all other respects, the request (ECF No. 13) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's request for federal subpoenas (ECF No. 14) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's request for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED this 24th day of September, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE