# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS, | Case No. 3:17-cv-00148-LRH-WGC |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN FILSON, et al., | |
| Respondents. | |

In this dismissed action, petitioner has filed a document titled "Petition for C.O.A. from Nevada Supreme Court's Summary Dismissal of Criminal Appeal 16-69746 and for Order to Produce via Televideo from NDOC" (ECF No. 25). Respondents have filed an opposition (ECF No. 27). Petitioner then has filed a document titled "Notice of Petitioner's Intent to Appeal from U.S. District Court's July 1, 2019 Summary Dismissal of Nevada Supreme Court Appeal 16-69746 and Pet. COA" (ECF No. 28). The court denies petitioner's motion.

**I.  Procedural Background**

Petitioner initially filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 that challenged two different judgments of conviction, each from a different state district court. ECF No. 7. That petition was not permitted under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. The court directed him to file an amended petition that challenged only one judgment of conviction. ECF No. 6.

Petitioner then filed an amended petition. ECF No. 8. The court directed petitioner to show cause why the court should not dismiss the action as untimely under 28 U.S.C.

1

§ 2244(d)(1). Petitioner filed a response. ECF No. 11. Petitioner did not persuade the court, and the court dismissed the action as untimely on September 24, 2018. ECF No. 21. The copy of the order that the court sent to petitioner was returned in the mail because he refused to accept it. ECF No. 23.

**II.    Discussion**

By the title of petitioner's petition for certificate of appealability (ECF No. 25), it would appear that petitioner is trying to appeal the decision of the Nevada Supreme Court in <u>Edwards v. State</u>, No. 69746.[1] If that is what petitioner is trying to do, then this court does not have appellate jurisdiction over the Nevada Supreme Court. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476, 483 n.16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).[2]

Respondents treat the petition (ECF No. 25) as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. The court agrees with respondents that petitioner has not demonstrated any reason for relief from the judgment.

First, petitioner presents a history of this case that is inaccurate. He has listed several items that he has filed and stated that he received no response from the clerk of this court or counsel for respondents. However, petitioner has been refusing the mail that both the court and counsel for respondents have sent him. Ex. A, B, C (ECF No. 27-1, 27-2, 27-3). The court agrees with respondents that petitioner's refusal to accept mail is not a mistake, inadvertence, excusable neglect, or an extraordinary circumstance that justifies relief under Rule 60(b).

Second, petitioner presents arguments that the trial judge did not allow certain testimony, that trial counsel failed to present an argument for mitigation at sentencing, and that petitioner is serving time in prison without accruing credits toward an earlier release. Petitioner presents similar arguments in his notice (ECF No. 28). These are all arguments on the merits of

---

[1]   http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37960 (report generated July 18, 2019). This case was a petition for extraordinary relief, filed directly with the Nevada Supreme Court. The Nevada Supreme Court denied the petition on March 17, 2016, because petitioner should have filed a post-conviction habeas corpus petition in the state district court. On June 20, 2019, more than three years later, the Nevada Supreme Court returned unfiled motions to re-calendar appeals in that case and three other cases.

[2]   Petitioner could simply be using the wrong word, "appeal," to describe what he is trying to do in this action. The method of obtaining relief from a state-court judgment of conviction is not an appeal from the last state-court decision; it is a petition for a writ of habeas corpus. Despite his use of the word "appeal," petitioner has used the correct habeas corpus forms in this court.

petitioner's claims, and they have no relevance to the question of timeliness. They do not provide any basis for relief from the judgment.

The title of petitioner's "Notice of Petitioner's Intent to Appeal from U.S. District Court's July 1, 2019 Summary Dismissal of Nevada Supreme Court Appeal 16-69746 and Pet. COA" (ECF No. 28) has multiple errors that, for the sake of clarity, the court will address. First, the court did not dismiss this action on July 1, 2019. The court dismissed this action on September 24, 2018. The court did not do anything in this action on July 1, 2019. The only thing that occurred in this action on July 1, 2019 was the filing of respondents' opposition (ECF No. 27).

### III. Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel (ECF No. 24). Because the court has found that petitioner has not presented any reason for relief from the judgment, court also finds that appointment of counsel is not warranted.

### IV. Certificate of Appealability

To the extent that a certificate of appealability is necessary, reasonable jurists would not find the court's determinations in this order to be debatable or wrong. The court will not issue a certificate of appealability.

### V. Conclusion

IT THEREFORE IS ORDERED that petitioner's "Petition for C.O.A. from Nevada Supreme Court's Summary Dismissal of Criminal Appeal 16-69746 and for Order to Produce via Televideo from NDOC" (ECF No. 25) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 24) is **DENIED**.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

IT FURTHER IS ORDERED that the clerk of the court send petitioner a copy of the docket sheet.

DATED this 5th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3