# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARL D. EDWARDS,<br><br>*Petitioner,*<br><br>vs.<br><br>STEVEN WOLFSON, *et al,*<br><br>*Respondents*. | 3:17-cv-00148-LRH-WGC<br><br>ORDER |

This closed habeas matter comes before the Court on petitioner's motion styled as an "emergency ex parte motion for evidentiary hearing." (ECF No. 30.)

Final judgment dismissing this action with prejudice as untimely was entered on September 25, 2018. Petitioner refused delivery of court mail with notice of the order and judgment, as he had with prior mail; and no appeal was taken. Petitioner thereafter filed, *inter alia*, a motion seeking relief on or before June 21, 2019. The Court construed the filing liberally as a request for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure; and it denied the motion along with a denial of a certificate of appealability to the extent required. No appeal was taken. (*See* ECF No. 29.)

The current motion neither properly was presented *ex parte* under Local Rule LR IA 7-2 nor does it present an emergency under Local Rule LR 7-4. Petitioner's allegation in a closed habeas case that was dismissed as untimely that he is being illegally incarcerated under an otherwise presumptively valid state court judgment of conviction does not present a basis for emergency judicial action. Petitioner further cannot properly seek collateral relief, such as an evidentiary hearing, in this closed habeas action without first succeeding in reopening the action

1

on a post-judgment motion under Rule 60(b). Even if the Court were to once again liberally construe a motion that does not seek Rule 60(b) relief as such a motion, the first three grounds of that provision no longer are available because the current motion was filed more than one year after entry of judgment. *See* Fed.R.Civ.Pro. 60(c)(1). Petitioner otherwise has not attempted to shoulder his burden of demonstrating a basis for relief under the remaining possible grounds in the rule, and the Court is not persuaded that relief is warranted under Rule 60(b) on the record and argument presented.

This action has been, and remains, closed. The Court will direct the Clerk of Court to designate petitioner as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

IT THEREFORE IS ORDERED that the Clerk shall convert ECF No. 30 to an open rather than an *ex parte* filing on the docket and see that respondents are electronically served with and can access the filing, all in a manner consistent with the Clerk's current practice for such matters.

IT FURTHER IS ORDERED that petitioner's motion styled as an emergency ex parte motion for evidentiary hearing (ECF No. 30) is DENIED.

IT FURTHER IS ORDERED that the Clerk shall designate petitioner as a restricted filer in this matter and that the Clerk shall return unfiled any further papers submitted by petitioner in this matter other than a notice of appeal from this order.

IT FURTHER IS ORDERED that, to the extent required, a certificate of appealability is DENIED, as jurists of reason would not find the district court's disposition of petitioner's filing to be debatable or incorrect.

DATED this 23rd day of December, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE